HORACE HAVEMEYER ET AL., Complainants,

*v.*

RAMON ABOY, JR., as Treasurer of Porto Rico, Dft.

---

San Juan, Equity, No. 1195.

Opinion filed March 3, 1923.

---

*Mr. O. B. Frazer* and *Nelson Gammans, Esq.,* for complainants.

*Messrs. Salvador Mestre* and *Joseph Loret,* for defendant.

ODLIN, Judge, delivered the following opinion:

This is a suit for an injunction against the assessment and collection of taxes against the complainants under the act of the legislature of Porto Rico approved July 8, 1921, known as Act

No. 49 of 1921. A rule to show cause for an injunction pendente lite having issued, the matter was argued by counsel and submitted on briefs. The matter before the court at this time is the granting or refusal of an injunction pendente lite.

I am of the opinion that the complainants have made out a prima facie case of the illegality and unconstitutionality of the statute in question. There can be no doubt that the failure to grant a preliminary injunction would cause very great, probably irreparable, injuries to the complainants, while the granting of the injunction will cause only slight damage to the defendant, against which the defendant may be amply protected by bond.

My only doubt in this case has been with regard to the decision of the United States Supreme Court in the case of Fallbrook Irrig. Dist. v. Bradley, 164 U. S. 112, 41 L. ed. 369, 17 Sup. Ct. Rep. 56, but the facts in that case may be distinguished from the case at bar. In the Fallbrook Case the Supreme Court held, reading from the headnote, that "due process of law is furnished, and equal protection of the law given in such proceedings, when the course pursued for the assessment and collection of taxes is that customarily followed in the state, and when the party who may be charged in his property has an opportunity to be heard," while in the case at bar it is alleged in the complaint "that no provision is made in said act for the notification of or holding of any hearing at which complainant and other landowners might appear and contest the amount of said taxes, nor for a hearing de novo on appeal, nor for judicial review of any kind." A reading of the act in question bears out this allegation. I am therefore

constrained to hold that the decision in the Fallbrook Case is not applicable to the case at bar.

The application for an injunction pendente lite is granted, and it is ordered that the writ issued upon complainants giving bond in the usual form in the sum of $6,000, to be approved by the court.

It is so ordered.